**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HENRY GIOVANNI MORALES GUILLEN, | Civil Action No. 26-5932 (SDW) |
| Petitioner, | |
| v. | OPINION |
| TODD BLANCHE, et al., | |
| Respondents. | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Henry Giovanni Morales Guillen, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey.  (ECF No. 1).

2.      Petitioner is a citizen of Honduras.  (*Id.* ¶ 1).  He entered the United States in 2013 on a tourist visa.  (*Id.*).  Petitioner was detained by ICE on May 10, 2026.  (*Id.* ¶ 22).  This Petition followed on May 25, 2026.  (ECF No. 1).

3.      Respondents filed an answer on May 27, 2026 arguing that Petitioner is being detained pursuant to § 1226(a) and that he had not requested a bond hearing.  (ECF No. 5 at 1).

4.      Petitioner responded that it was irrelevant whether he "has the right to seek a bond determination hearing … because the result is virtually guaranteed … ."  (ECF No. 6 at 1).  He asks for immediate release.  (*Id.*)

5.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

7.      "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

8.      "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.* at *4.

9.      Petitioner argues that it would be futile to pursue a bond hearing because the "immigration court will only act as an enforcement arm of [Respondents] instead of acting as the

2

neutral, impartial arbiter it is supposed to be." (ECF No. 6 at 1). "Under these circumstances, there is no way that Petitioner will be able to receive the fundamentally fair bond determination hearing" required by due process. (*Id.*)

10.    "Immigration detainees seeking to invoke this Court's habeas jurisdiction ... must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

11.    It would not be futile to require exhaustion. "Courts in the Third Circuit have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." *Duque v. Soto*, No. 26-cv-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here.

12.    Respondents have not denied Petitioner a bond hearing because they argue § 1225(b)(2) governs his detention. Instead, Petitioner argues that he should be able to bypass the courts due to their alleged bias. Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-cv-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.")

13.    "In a fundamentally fair bond hearing, due process has three essential elements. '[A noncitizen]: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests.'" *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (second

alteration in original).  This Court cannot say that the immigration courts are categorically unable to provide Petitioner with a fundamentally fair bond hearing on the present record.

14.    Accordingly, the Petition will be dismissed for failure to exhaust.  *See Duvall,* 336 F.3d at 233 (noting that detainee's failure to exhaust administrative remedies was "fatal to the District Court's jurisdiction over her habeas petition").

15.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: June 2, 2026